**UNITED STATES of America,**
**Appellee,**

v.

**Samuel CABRERA, a/k/a "Shorty", Alex Cruz, Hector Bisono Fernandez, Luis Bautista, Angel Tejada Castro, Felix Liriano, Jesus Garcia, Jose Cabrera, Defendants,**

**Gerald Sanchez, a/k/a "Gerald Sanchez Batista", Defendant–Appellant.**

**No. 00–1365.**

United States Court of Appeals,
Second Circuit.

Feb. 16, 2001.

James Kousouros, Kew Gardens, NY, for appellant.

Richard C. Daddario, Assistant United States Attorney, for Mary Jo White, United States Attorney, S.D.N.Y.; Robert C. Juman, of counsel, for appellee.

Present Van GRAAFEILAND, WINTER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the appeal be and hereby is DISMISSED.

Gerald Sanchez appeals from the district court's denial of his requests for downward departures based on aberrant behavior and extraordinary rehabilitation. Because we have no authority to review the court's exercise of discretion, we dismiss the appeal.

### BACKGROUND

On May 6, 1999, Gerald Sanchez was arrested at his high school. He and six co-defendants were charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and five kilograms of cocaine. *See* 21 U.S.C. § 846. The conspiracy alleged that between July 1997 and May 1998, defendants sold crack and cocaine from an apartment in New York City. Sanchez participated in the conspiracy for a six-week period, and the government documented his involvement in five sales of narcotics.

On October 18, 1999, Sanchez pled guilty to the conspiracy without a plea agree-

ment.[1] His base offense level of 36 was decreased to 33 for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Having no prior criminal history, his Criminal History Category was I. Although the statutory mandatory minimum was 10 years, the guidelines range was 108 to 135 months.

Sanchez requested safety valve relief from the mandatory minimum pursuant to 18 U.S.C. 3553(f) and two downward departures. First, he requested a departure because his criminal activity had been "a single aberrant act" in an otherwise law-abiding life. *Zecevic v. United States Parole Comm'n*, 163 F.3d 731, 734 (2d Cir. 1998) (stating that "a single aberrant act may justify downward departure"). Second, he requested a departure for "extraordinary rehabilitation." *See United States v. Bryson*, 163 F.3d 742, 747 (2d Cir.1999) (allowing departures for post-offense "extraordinary rehabilitation"). He also requested a departure for a combination of the two reasons.

In a letter to the district court, the government recognized the court's authority to grant the downward departures. It opposed the departure on the basis of aberrant behavior and took no position with respect to the departure based on rehabilitation. The Presentence Report ("PSR") recommended that the court deny Sanchez's requests for downward departures. It did, however, recommend that the district court find Sanchez eligible for safety valve relief pursuant to 18 U.S.C. § 3553(f) and impose a sentence at the low end of the guidelines range.

Judge Duffy granted Sanchez safety valve relief but denied the downward departures. He sentenced Sanchez to 108 months imprisonment and a five-year term of supervised release. Sanchez now appeals.

## DISCUSSION

 A district court's decision not to depart downward from the sentencing guidelines is within the court's discretion and is generally unreviewable on appeal. *See United States v. Galvez–Falconi*, 174 F.3d 255, 257 (2d Cir.1999); *United States v.. Montez–Gaviria*, 163 F.3d 697, 701 (2d Cir.1998). Moreover, circuit courts "may not … probe the sufficiency of [the district court's] consideration" under most circumstances. *United States v. Campo*, 140 F.3d 415, 419 (2d Cir.1998). Only where a sentence has been "imposed in violation of law," 18 U.S.C. § 3742(a)(1), can this court review the refusal of a district court to depart downward.

 Judge Duffy's refusal to grant the downward departures defendant requested was not imposed in violation of the law. *See* 18 U.S.C. § 3742(a)(1). In light of the PSR, defendant's sentencing memorandum, and the government's letter to the court, Judge Duffy was clearly aware of his authority to depart downward for either of the two reasons defense counsel suggested. He made no indication during the sentencing hearing that he was unaware of this authority, *see United States v. Thorpe*, 191 F.3d 339, 342–43 (2d Cir. 1999) (where the district court misconstrues the scope of his authority to depart, the sentence is imposed in violation of the law), or that he refused to exercise his discretion. *See United States v. Campo*, 140 F.3d 415, 419 (2d Cir.1998) (where the district court refuses to exercise discretion, the sentence is imposed in violation of the law).

---

1. Sanchez pled guilty before Judge Sprizzo. Prior to sentencing, however, the case was reassigned to Judge Duffy.

## CONCLUSION

Because we have no authority to review the district court's exercise of discretion, we DISMISS this appeal.